UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL V. DEMPS,

    Plaintiff,

v.                                                                                    Case No: 8:18-cv-2672-T-36TGW

HILLSBOROUGH COUNTY CLERK OF
THE CIRCUIT COURT,

    Defendant.
_____/

## **O R D E R**

This cause is before the Court upon Plaintiff's response to the Court's Order to Show Cause (Doc. 21); Plaintiff's Motion for Referral to Mediation (Doc. 18) and Defendant's response in opposition (Doc. 23); and Defendant's Opposed Amended Motion to Dismiss for Failure to Prosecute (Doc. 25) and Plaintiff's response in opposition (Doc. 27). Upon consideration, the Court will discharge the Order to Show Cause, deny Plaintiff's motion, and deny Defendant's motion. The Court will order Plaintiff's counsel to pay Defendant's attorneys' fees and costs of attending the scheduled mediation at which Plaintiff failed to appear, and will refer the parties to mediation as required under the Court's Local Rules and Case Management and Scheduling Order.

## I.    BACKGROUND

The Court's Case Management and Scheduling Order ("CMSO") requires the parties to participate in good faith in mediation by October 1, 2019. Doc. 12 at pp. 2, 9. On March 15, 2019, Defendant filed a Notice of Mediation in accordance with the Court's CMSO, advising the Court that the parties had conferred and scheduled mediation for September 5, 2019 at 9:30 a.m. at the offices of Peter J. Grilli in Tampa, Florida. Doc. 13. In the Mediation Report filed September 5, 2019, the mediator states that Defendant's representative and counsel attended and participated in

mediation on the scheduled date and time, but that Plaintiff did not appear. Doc. 17. Accordingly, the Court ordered Plaintiff to show cause as to why she should not be sanctioned for failing to appear at mediation. Doc. 19.

Plaintiff filed her response to the Order to Show Cause, stating that Plaintiff's counsel did not put the mediation conference on his calendar and was in court on other matters that morning. Doc. 21. Plaintiff's counsel states he was unaware of the mediation until he returned to his office and returned a missed call from the mediator's office. *Id.* Plaintiff's counsel further states he immediately requested the parties reschedule the mediation. *Id.* He "accepts full responsibility for the scheduling error" and that the Plaintiff is "not responsible in any way for not appearing." *Id.*

Also, on September 11, 2019, Plaintiff filed a Motion for Extension of Time to Complete/ Reschedule Mediation, stating that Plaintiff's counsel "has attempted to reschedule the mediation but opposing counsel is unwilling and has requested that a motion is filed with the Court." Doc. 18. Plaintiff's motion violates the Court's Local Rules, as it does not include a memorandum of legal authority. L.R. 3.01(a).

On October 11, 2019, Defendant filed its Motion to Dismiss for Failure to Prosecute on a number of bases, including Plaintiff's failure to attend the scheduled mediation. Doc. 25.

## II. DISCUSSION

### A. Dismissal for Lack of Prosecution is Not Warranted

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The rule "recognizes the inherent authority of district courts to involuntarily dismiss a claim . . . for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of court calendars." *Abrams v. Orange Cnty. Sheriff*, No. 6:13-CV-1291-ORL-37, 2014 WL 3057107, *2 (M.D. Fla. July 7, 2014). However, "to justify dismissal with prejudice as a sanction under Rule 41(b), '[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate.'" *Brutus v. IRS*, 393 Fed. Appx. 682, 684 (11th Cir. 2010) (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)). "This is true because dismissal with prejudice is 'a sanction of last resort, applicable only in extreme circumstances.'" *Id.* (internal citation omitted).

Defendant moves the Court for an order dismissing Plaintiff's case for lack of prosecution pursuant to Rule 41(b) based on Plaintiff's alleged pattern of delay. Defendant points to: Plaintiff's (1) failure to attend mediation, (2) failure to file a certificate of interested persons and corporate disclosure statement by the Court-imposed deadline, (3) failure to provide her mandatory initial disclosures, (4) initial failure to prosecute her case in state court, in which plaintiff had proceeded *pro se*, and (5) failure to appear for her deposition in a different case.

The latter two instances cited by Defendant are not relevant here because they refer to occurrences in other cases or before Defendant was served in this case. The first three instances, however, are relevant and are of great concern to the Court. Nonetheless, the circumstances of this case do not presently rise to the level warranting the "sanction of last resort." Although Plaintiff has apparently failed to comply with a number of Court directives, including attendance at mediation, she has not completely abandoned her case. Plaintiff appeared for her deposition in this case on July 16, 2019 and also deposed two of her own witnesses. Doc. 27 at ¶¶ 2-4. In addition, Plaintiff filed a motion to reschedule mediation and timely responded to the Court's Order to Show

Cause. There is no clear record of willful conduct and lesser sanctions have not been shown to be inadequate in this case. Therefore, dismissal pursuant to Rule 41 is not warranted.

### B. The Parties Shall Mediate

In her Motion, Plaintiff asks the Court to extend the time in which to reschedule and complete mediation based on Plaintiff's counsel's scheduling error. Defendant opposes this request, arguing that Plaintiff has not demonstrated good cause for an extension and that Defendant and its counsel will be prejudiced by the delay.

The Court agrees that Plaintiff's motion, which fails to include a memorandum of law, does not demonstrate good cause. Plaintiff's motion will be denied. Nonetheless, pursuant to the Court's CMSO and the Local Rules, the parties must participate in mediation, in person. Doc. 12 at p. 10; L.R. 9.05(c). Therefore, the Court orders the parties to attend mediation, in accordance with the CMSO and the Local Rules, as outlined below. In addition, however, the Court maintains the authority to enter sanctions against a party that fails to appear for mediation. L.R. 9.05(c); Doc. 12 at pp. 10-11; Fed. R. Civ. P. 16(f). Therefore, Plaintiff's counsel is ordered to pay Defendant's attorneys' fees and costs in connection with Defendant's attendance at the September 5, 2019 mediation.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Opposed Amended Motion to Dismiss for Failure to Prosecute (Doc. 25) is **DENIED.**

2. Plaintiff's counsel is ordered to pay Defendant's attorneys' fees and costs in connection with Defendant's attendance at the September 5, 2019 mediation. Within **FOURTEEN (14) DAYS** of the date of this Order, Defendant shall file a memorandum, including affidavits and billing statements, to support an award of reasonable attorneys' fees and

costs. Plaintiff's counsel shall respond to the memorandum within **FOURTEEN (14) DAYS** of its filing.

3. The parties are directed to attempt to resolve the amount of reasonable attorneys' fees and costs within **SIXTY (60) DAYS** of the date of this Order and promptly advise the Court of such settlement. If the parties are unable to agree on a reasonable amount of attorneys' fees and costs, the Court will determine the amount on the parties' written submissions.

4. Plaintiff's Motion for Referral to Mediation (Doc. 18) is **DENIED.**

5. The Court **REFERS** the parties to mediation as follows:

(a) Referral to Mediation: This action is referred to mediation. Peter J. Grilli, (813) 874-1002, is the mediator.

(b) Conduct of Mediation: The mediator must conduct the mediation in accord with this Order and the Local Rules. Compliance with this Order is not satisfied by any other attempt by the parties to resolve this matter through mediation or by another mechanism for dispute resolution.

(c) Scheduling Mediation: The parties must mediate no later than **APRIL 10, 2020.**

(d) Designation and Responsibility of Lead Counsel: **Carl Roland Hayes** is designated as lead counsel and must consult with the mediator and other counsel to coordinate the day and time of the mediation. Within five days after this order, lead counsel must file a notice of mediation that states the agreed day and time of mediation. When the notice is filed, the agreed day for the mediation replaces the deadline in paragraph (c). Extension of the mediation deadline requires a court order and is increasingly disfavored as the mediation deadline approaches. Before moving for an extension of the mediation deadline, the movant must consult with the mediator and all parties to determine an agreed day and time for the rescheduled mediation. Under Local Rule

3.01(g), a motion for an extension of the mediation deadline must certify that the movant has conferred with opposing counsel and must state whether counsel agrees to the resolution of the motion.

(e)     General Rules Governing the Mediation:   Although mediation is governed by Chapter Nine of the Local Rules, the following additional requirements apply:

(1)     *Case Summaries*:   At least five business days before the scheduled mediation, each party must mail directly to the mediator and to opposing counsel a brief written summary of the facts and issues of the action.  The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

(2)     *Authority of the Mediator*:   The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion.  The mediation must continue until adjourned by the mediator.  No participant may compel the early conclusion of a mediation because of travel or another engagement.

(3)     *Attendance*:   Absent leave of court, which is granted only in an extraordinary circumstance, each attorney acting as lead counsel and each party (or the designated representative with full authority to settle) must attend the mediation in person.

(4)     *Structure*:   In a track three case, another complex or protracted case, or a case with many parties, the mediator is authorized to conduct the mediation in sequential sessions with fewer than all the parties present.

(f)     Compensation of the Mediator:   The parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed, the parties must bear equally and pay immediately after the mediation. When moving to tax other costs, the prevailing party may move to tax the mediator's compensation as a cost.   The parties must comply with any reasonable cancellation policy established by the mediator.

(g)     Objections:  A party waives, as to this Order, any objection not asserted within ten days and in writing.

6. The Court will take no further action on the Order to Show Cause (Doc. 19) and it is discharged.

7. The Court will reset the remaining deadlines in the CMSO by separate order.

   **DONE AND ORDERED** in Tampa, Florida on January 14, 2020.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES, IF ANY