UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL V. DEMPS,

      Plaintiff,

v.                                     Case No: 8:18-cv-2672-T-36TGW

HILLSBOROUGH COUNTY CLERK OF
THE CIRCUIT COURT,

      Defendant.
_____/

## O R D E R

This cause is before the Court upon Defendant's Motion for Summary Judgment (Doc. 28) and the filings in support (Docs. 29, 30, 31), Plaintiff's response in opposition (36) and supporting filings (Doc. 35), and Defendant's reply to Plaintiff's response (Doc. 37). Defendant presents several arguments, including that the claim is time barred and that there is no genuine issue of material fact that Plaintiff was not qualified for the position at issue. The Court, having considered the parties' submissions and being fully advised in the premises, will **GRANT** Defendant's Motion for Summary Judgment.

## I. BACKGROUND AND FACTS[1]

This is an action for employment discrimination under Title VII and the Florida Civil Rights Act. (Doc 1-2). Plaintiff, Angela Demps, alleges that the Defendant, Pat Frank, Clerk of the Circuit Court of Hillsborough County passed her over for a promotion that she was qualified for because of her race. *See id*. Plaintiff is a Black female. *See id*. at ¶ 5. She was employed by the

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including depositions, affidavits and attachments thereto (Docs. 29, 30, 31, 35, 36).

Clerk of the Court in September 1994. *See id*. After twenty years of service, she applied for promotion to the position of Manager in the Plant City Clerk's Office in October 2014. *See id.* at ¶ 7. At the time, she was working as a Court Clerk II in the same office. *See id.* at ¶ 6.

The recruitment for the manager position was conducted by the Hillsborough County Civil Service Board. (Doc. 30 ¶ 4). In doing so, the Board identified the minimum qualifications, job specific competencies, and representative duties for the position; posted the opening; and evaluated the applications received for the opening based on the eligibility criteria contained in the recruitment bulletin. *See id*. The Board then provided a list of qualified applicants to the Clerk. *See id.* at ¶ 6. From that list, the Clerk selected some candidates for interviews. *See id.* at ¶ 9.

The minimum qualification for the position—as determined by the Board—was listed in the job posting as follows:

> **MINIMUM QUALIFICATIONS**
>
> Graduation from an accredited four year degree granting college or university; and Two years of experience preparing, processing and maintaining legal records, court files, or court proceedings; and
> One year of experience supervising a staff of five or more which included the following: completing performanc[e] reviews; reporting, managing and achieving goals and productivity measures; and effectively utilizing best practices of management and supervision.
>
> **<u>Or</u>**
>
> An equivalent combination of education, training and experience that would reasonably be expected to provide the job-specific competencies noted below.

*See id* at ¶ 3; Doc. 30-1. The Board determined that Plaintiff did not meet the minimum qualifications for the position. *See id.* at ¶ 8; Doc. 30-4; Doc 29-4. In fact, Plaintiff indicated in her application that she did not meet the minimum requirements. (Doc. 29-10). She explained at her

deposition that she did not have one year of experience supervising a staff of four or more. (Doc 29, 68: l. 13 – 70: l. 10). However, Plaintiff also indicated on the application that she had an equivalent combination of education, training, and experience that would provide the job-related competencies, stating—among other things—that she helped to "train personnel on the front counter and in court." (Doc. 29-10, p. 9). Even then, she stated during her deposition that this form of training was not allowed to be used as a qualification for the manager position. (Doc. 29, 70: l. 5 – 71: l. 2). Moreover, Plaintiff worked as a Clerk II and was unsuccessful for the Clerk III position in Plant City on at least one previous occasion. *See id.* at 19: l. 10 – l. 24. She explained that the Court Clerk III is a trainer and that the position is also used as a steppingstone to promote an employee to the position of manager. *See id.* at 31: l. 4 – l. 13. In fact, all of the Managers in the Plant City Office that she worked with were Court Clerk IIIs before they became a manager. *See id.* at 32: l. 5 – l. 8. Eventually, the Manager position was filled by Lynne Bullington, a white female, who worked as a Court Clerk III. (Doc. 31 ¶ 5; Doc. 29, 19: l. 25 – 20: l. 10).

On or about March 13, 2015, Plaintiff filed a charge of race discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission, alleging as follows:

> I was advised that I was not considered for the Manager position because I do not have the supervisory experience. The position required a 4 year degree, plus 2 years of experience, plus 1 year of supervisory experience. I do not have the 1 years supervisory experience. The White female selected has stated she does not have a degree, yet she was considered qualified for the position.

(Doc 29-3). A Notice of Right to Sue was allegedly issued on September 21, 2015. Doc 1-2 ¶ 4.[2] Plaintiff then filed an action on or about December 21, 2015 in the Circuit Court of the Thirteenth

---

[2] The Complaint alleged that the notice was attached. However, the notice was not attached.

Judicial Circuit in and for Hillsborough County, FL (Doc. 1-2). By order dated May 26, 2017, the action was administratively closed for lack of prosecution. (Doc. 5-1). In that order, the circuit court advised that "[t]he case may be reopened or reactivated by either party upon the filing of an appropriate motion and payment to the Clerk of the Circuit court of any reopen fee." *See id.* Plaintiff moved to reopen the action on August 9, 2017. (Doc. 1-1). The action was then removed to this Court by Defendant on October 31, 2018. (Doc. 1).

In its Motion for Summary Judgment, Defendant argues that (1) the Title VII claim is time-barred because the action was filed more than ninety days after the notice was issued—even though the complaint was timely; (2) Plaintiff cannot establish a *prima facie* claim for failure to promote because she did not qualify for the position; (3) there is a legitimate non-discriminatory reason for the hiring decision; and (4) Plaintiff cannot establish pretext. (Doc. 28). Additionally, Defendant argues that to the extent Plaintiff claimed that she was qualified for the manager position in the past, the minimum qualifications for the position were different then. *See id.* at n.5; Doc. 29-2, Ex. C.

Plaintiff responds that she established a *prima facie* case and was more qualified that the person who was hired. (Doc. 36). In addition, she lists various individuals she believed received promotions in the past despite not meeting the minimum qualification standard and attached deposition transcripts purportedly supporting her assertions. *See id.* This includes testimony from <u>Kathleen Rocamora</u>, the Senior Director of Civil Courts,[3] that prior to working as a manager in the traffic department she was never a courtroom clerk but received on the job training as a clerk.[4] (Doc. 35-2, 6: l. 6 – l. 23). <u>Christina Carroll</u> testified that before she started working as a manager

---

[3] She held positions in Tampa and testified she had never worked in Plant City.
[4] It is unclear from her deposition and the record in this case what race Ms. Rocamora identifies as or when she was hired as a manager.

in Tampa in 2006, she worked as a Court Clerk II. (Doc. 35-3, 5: l. 4 – 6: l. 21). <u>Leticia Smith</u>, a Black female, worked as a Court Clerk II in Tampa before she received a manager position in Plant City in 2013. (Doc. 35-4, 7: l. 21 – 8: l. 5; 18: l. 25 – 19: l. 1). When she was hired for the position, she did not have a college degree or a year of supervisory experience. *See id.* at 19: l. 10 – l. 23; 21: l. 14 – l. 19. Plaintiff also provides testimony from <u>Lisa Mann</u> who explained that she started at the Clerk's office in 1986 and had served in all three clerk positions, among others, before she was hired as the director over Plant City and two satellite offices. (Doc. 35-5, 5: l. 2 – 7: l. 22). Plaintiff also presents testimony from <u>Lynne Bullington</u>, the successful candidate. (Doc. 35-6). Ms. Bullington identifies as Irish American.[5] *See id.* at 25: l. 3 – l. 8. Among other things, she testified that she was a Court Clerk III, had experience supervising attorneys and secretaries at a prior job, and had an associate's degree. *See id.* at 16: l. 20 – l. 23; 18: l. 3 – l. 24; 64: l. 19 – l. 21; 65: l. 5 – 66: l. 6).

In reply, Defendant argues that Plaintiff did not demonstrate the existence of a genuine issue of material fact in her response; failed to address the facts cited in Defendant's motion; failed to provide pinpoint citations supporting her own allegations; used misleading citations to the record; and alleged facts having no relevance to the promotional decision at issue. (Doc. 37). Additionally, Defendant argues that Plaintiff did not address its argument that the Title VII claim was time barred and did not show that her qualifications satisfied the minimum qualifications for the position, again pointing out that the requirements for the position changed over time. *See id.* In response to this Court's order dated May 4, 2020, (Doc. 44), Plaintiff addresses Defendant's time bar claim (Doc. 45). Plaintiff argues that the initial complaint was timely; no new complaint

---

[5] Ms. Bullington initially identified as American Indian on her employment application, but clarified at her deposition that, after testing with a DNA kit, she had recently found out she was not American Indian.

was filed; and the statute of limitations did not run against her. (Doc. 45). She also distinguishes some of the cases Defendant relied on. *See id.*

## II.      LEGAL STANDARD

### *Summary judgment generally*

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Jepsen v. Lornamead, Inc.*, No. 8:12-CV-1811-T-30TGW, 2013 WL 5944189, at *1 (M.D. Fla. Nov. 6, 2013). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine" only if a reasonable jury, considering the evidence present, could find for the nonmoving party, and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 Fed. Appx. 852, 858 (11th Cir. 2006).

*Title VII claims*

Title VII of the Civil Rights Act of 1964 provides that it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The purpose of Title VII 'is to promote hiring on the basis of job qualifications, rather than on the basis of race or color.' " *Ricci v. DeStefano*, 557 U.S. 557, 582, 129 S. Ct. 2658, 2675, 174 L. Ed. 2d 490 (2009) (citing *Griggs v. Duke Power Co.,* 401 U.S. 424, 434 (1971)). The Florida Civil Rights Act mirrors Title VII[6] and is usually construed with reference to federal case law construing Title VII. *DeBose v. Univ. of S. Fla.*, No. 8:15-CV-2787-T-17AEP, 2017 WL 4381696, at *5 (M.D. Fla. Sept. 29, 2017), *aff'd sub nom. DeBose v. USF Bd. of Trustees*, No. 18-14637, 2020 WL 1983182 (11th Cir. Apr. 27, 2020); *Ifill v. United States Sugar Corp.*, No. 2:18-CV-713-FtM-29UAM, 2019 WL 2476676, at *3 (M.D. Fla. June 13, 2019) ("The Florida Civil Rights Act of 1992 'is patterned after Title VII [and is] analyzed using the same framework as Title VII claims and Title VII precedent.' ") (quoting *Thompson v. Baptist Hosp. of Miami, Inc.*, 279 F. App'x 884, 888 n.5 (11th Cir. 2008)). "To prevail on a failure-to-promote claim, a plaintiff must establish that: (1) she belongs to a protected class; (2) she was qualified for and applied for the promotion; (3) she was rejected; and (4) other employees outside the protected class were promoted." *Belton v. U.S. Dep't of Agric.*, No. 6:17-CV-989-Orl-40TBS, 2019 WL 1130008, at *6 (M.D. Fla. Mar. 12, 2019) (*citation omitted*).

---

[6] Plaintiff alleges a violation of Florida Statute § 760.10 (1)(a) which states "[i]t is an unlawful employment practice for an employer [t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

In employment discrimination cases, the plaintiff must show that the defendant intentionally discriminated against him or her. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). Direct evidence of discrimination is rarely available, and plaintiffs usually rely on circumstantial evidence to prove discriminatory intent. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 (1973). The *prima facie* burden on plaintiff is to establish facts adequate to permit an inference of discrimination. *Jones v. Bessemer Carraway Medical Ctr.*, 137 F.3d 1306, 1310-11, *reh'g denied and opinion superseded in part*, 151 F.3d 1321 (11th Cir.1998); *see Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253-254 (1981). By establishing a *prima facie* case, the plaintiff creates a rebuttable presumption that the challenged action was motivated by a discriminatory intent. *Equal Employment Opportunity Comm'n v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002), *cert. denied*, 539 U.S. 941 (2003); *see also Burdine*, 450 U.S. at 254.

Once the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Jones*, 137 F.3d at 1310. If the defendant articulates one or more such reasons, the presumption of discrimination is rebutted and the burden shifts back to the plaintiff to prove that the reasons offered by the defendant are a pretext for unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 805; *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). "A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.' " *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). A plaintiff cannot prove pretext merely by baldly asserting that he or she was better qualified than the person who received

the position at issue. *Stuart v. Jefferson Cty. Dep't of Human Res.*, 152 F. App'x 798, 802 (11th Cir. 2005). The plaintiff has to proffer evidence that the disparity in qualification was of such weight and significance that no reasonable person could have chosen the person employed over the plaintiff. *Id.* "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." *Joe's Stone Crabs, Inc.*, 296 F.3d at 1273.

The *McDonnell Douglas-Burdine* proof structure "was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983); *see also Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 594 (11th Cir.1987). This framework of shifting burdens of proof is a valuable tool for analyzing evidence in cases involving alleged disparate treatment, but the framework is only a tool. *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1184 (11th Cir. 1984). The "ultimate question" is not whether a plaintiff has established a *prima facie* case or demonstrated pretext, but "whether the defendant intentionally discriminated against the plaintiff." *Id.*, 738 F.2d at 1184 (quoting *Aikens*, 460 U.S. at 713-14; *see also Jones*, 137 F.3d at 1313. The plaintiff retains the ultimate burden of proving that the defendant is guilty of intentional discrimination. *Burdine*, 450 U.S. at 253.

A plaintiff is entitled to survive a defendant's motion for summary judgment if there is sufficient evidence to demonstrate the existence of a genuine issue of material fact regarding the truth of the employer's proffered reasons for its actions. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir.1997). A *prima facie* case along with sufficient evidence to reject the employer's explanation is all that is needed to permit a finding of intentional discrimination.

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993); *Combs*, 106 F.3d at 1529.

## III.       DISCUSSION

### *The time bar argument*

Defendant first argues that summary judgment is warranted because the claim is time barred. Pursuant to 42 U.S.C. § 2000e-5(f)(1), Plaintiff is required to bring her action within ninety days of receiving the notice of her right to sue, but Defendant claims that she failed to do so. Citing *Price v. Digital Equip. Corp.*, 846 F.2d 1026 (5th Cir. 1988) and *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004), Defendant contends that while the Plaintiff had timely filed the initial action—on the last permissible day—the motion to reopen the case, which was closed for lack of prosecution, was filed more than ninety days after issuance of the notice of the right to sue.

Notably, the circuit court administratively closed the case with directions that it could be reopened by either party upon appropriate motion and reserved jurisdiction to take further and appropriate action with respect to the case. (Doc. 5-1). This fact distinguishes the case at bar from *Price* and *Bost*, because the district court in those cases dismissed the actions without prejudice. *See Price*, 846 F.2d at 1027; *Bost*, 372 F.3d at 1242. While an administrative closure can operate as a dismissal for all relevant intents and purposes, *Grosso v. HSBC Bank USA, N.A.*, 204 So. 3d 139, 141 (Fla. 4th DCA 2016),[7] the Eleventh Circuit has recognized that "administratively closing a case is not the same as dismissing a case," *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014). *See also Latele Television, C.A. v. Telemundo Commc'ns Grp. LLC*, No. 12-22539-CIV, 2015 WL 11201166, at *1 (S.D. Fla. Sept. 25, 2015) (stating same);

---

[7] *See also Dribin v. Estate of Nolan*, 801 So. 2d 249, 251 (Fla. 4th DCA 2001) ("In administratively closing the Estate, the court dismissed the case for failure to prosecute.").

10

*Lincoln Gen. Ins. Co. v. Bornstine*, No. 807-CV-467-T-24-MAP, 2007 WL 3119641, at *1 (M.D. Fla. Oct. 23, 2007) ("[T]he Court finds that administratively closing the case, instead of dismissing the case without prejudice, is not warranted."); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 F. App'x 655, 660 (11th Cir. 2013) ("Our precedents establish that a district court administratively closes a case when it retains jurisdiction to perform specific acts and then closes the case instead of dismissing it.").

Dismissal has a markedly different effect from administrative closure of a case. Dismissal has "the effect of placing the parties in a position as if the suit had never been filed." *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (citing *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir.1987)); *Valpak Direct Mktg., Sys., Inc. v. Maschino*, No. 8:08-CV-594-T-26MSS, 2008 WL 11336258, at *2 (M.D. Fla. July 17, 2008) ("[T]he general effect of an order of dismissal is to "restore the *status quo ante*.").[8] To the contrary, an administrative closure has no such effect and does not require the filing of a new complaint. A party revives the action by complying with the requirements laid out in the order closing the case. As such, the statute of limitations is not implicated when a matter is administratively closed. *See In re Heritage Sw. Med. Grp. PA*, 464 F. App'x 285, 287 (5th Cir. 2012) ("The bankruptcy court and the district court correctly rejected Aetna's limitations argument on the theory that statutes of limitation and equitable tolling are not implicated where claims are initially timely filed and, thereafter, the case is stayed or administratively closed by the bankruptcy or district court, as the case may be. As we have said many times, administrative closure does not have any effect on the rights of the parties

---

[8] If dismissal occurs after the statute of limitations has already expired, it is treated as a dismissal with prejudice. *See Lebron v. Brooks Bros.*, No. 3:10-CV-1054-J-34MCR, 2012 WL 503592, at *2 (M.D. Fla. Jan. 23, 2012), *report and recommendation adopted as modified*, No. 3:10-CV-1054-J-34MCR, 2012 WL 503589 (M.D. Fla. Feb. 15, 2012).

and is simply a docket-management device."); *Vasiliades v. Angud*, No. CV 17-11764 (RMB), 2018 WL 1004637, at *3 (D.N.J. Feb. 21, 2018) ("Plaintiff is informed that administrative termination is not a 'dismissal' for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely.").

Defendant has not explained why the administrative closure in this case would constitute a dismissal such that the statute of limitations would be implicated. The action was timely filed and the circuit court did not dismiss it. Accordingly, Defendant's argument that the action is barred because the motion to reopen the case was filed more than 90 days after the notice of right to sue was issued is unconvincing. The motion for summary judgment is therefore denied as to this ground.

### The Prima Facie Case

Defendant next argues that there is no genuine issue of material fact that Plaintiff did not qualify for the position due to her lack of supervisory experience and she thus cannot establish a *prima facie* case of discrimination.[9] The Court agrees. The qualifications for the position were set by the Board. (Doc. 30). The minimum qualification included at least "one year of experience supervising a staff of five or more" or "an equivalent combination of education, training and experience that would reasonably be expected to provide the job-specific competencies." (Doc. 30-A). One such competency was listed as "[s]kill in the application of supervisory techniques." *See id.* Another was the "[a]bility to effectively manage and guide group efforts." *See id.*

Plaintiff's own application sounded the impending doom of her candidacy for the position. In her application, she indicated that she did not meet the minimum requirements for the job. (Doc.

---

[9] The parties do not dispute that Plaintiff is a member of a protected class, she applied for the promotion to Manager, she was rejected, and Lynne Bullington, an Irish American was hired for the position.

29-10). While she provided a description of education and experience that she believed qualified her for the position, she did not list any form of supervisory experience that provided her with those job-related competencies. *See id.* In fact, Plaintiff explained at her deposition that she indicated in the application that she did not meet the minimum requirement because she did not have one year of experience supervising a staff of four or more. (Doc 29, 68: l. 13 – 70: l. 10). Even though she stated in her application that she helped to "train personnel on the front counter and in court," she acknowledged that this was not considered towards qualification for the manager position. *See id.* at 70: l. 5 – 71: l. 2. She also acknowledged that the manager position was usually filled by a person occupying the Court Clerk III position, a position she had unsuccessfully applied for before, and all the Managers in the Plant City office that she worked with had previously worked in the Court Clerk III position.[10] *See id.* at 19: l. 10 – l. 24, 32: l. 5 – l. 8.  After review of the applications for the position, the Board determined that Plaintiff was not qualified. (Doc. 30-4). The record is clear that the position required supervisory experience or equivalent skills that Plaintiff did not have. In light of this, Plaintiff cannot prove that she was a qualified individual and her *prima facie* claim of discrimination crumbles. Summary judgment in favor of Defendant is proper for this reason.

This conclusion is buttressed by scores of cases in our jurisprudence. For example, in *Childress v. Caterpillar Logistics Servs., Inc.*, 369 F. App'x 95, 96 (11th Cir. 2010), the Eleventh Circuit affirmed a grant of summary judgment for the employer in an action alleging race and age discrimination under Title VII. There, the court reasoned that the employee "concede[d] she had no previous work experience in a human resources department; and thus, she could not show that

[10] Plaintiff further admitted at her deposition that the successful candidate had also worked in this position. (Doc. 29, 33: l. 11 – l. 14).

she was qualified for the job." *Id.* at 2. Likewise, in *Suarez v. Sch. Bd. of Hillsborough Cty., Fla.*, No. 8:13-CV-1238-T-17MAP, 2015 WL 3628268, at *3 (M.D. Fla. June 10, 2015), *aff'd*, 638 F. App'x 897 (11th Cir. 2016), this Court held that the plaintiff did not establish a *prima facie* case of discrimination for the Elementary Supervisor/Generalist positions because he did not have the requisite experience as an elementary administrator to qualify for the position. In doing so, the court rejected the plaintiff's explanation that "because of his 'successful academic teaching and management consultant experience around the world' he possesse[d] the 'minimum requirements' to have been offered an interview" for the position. *Id.* The Court further explained that the "[p]laintiff's own belief in the superiority of his credentials and quarrelling with the wisdom of the School District's job requirements [wa]s insufficient as a matter of law to establish pretext or prove intentional discrimination." *Id.*; *Brooks v. CSX Transportation, Inc.*, No. 3:09-CV-379-J-25TEM, 2013 WL 12091685, at *8 (M.D. Fla. Mar. 29, 2013) (finding that "Plaintiff did not meet the requirements for the PACS Management position," because among other things, she could only perform one of the five functions required), *aff'd sub nom. Brooks v. CSX Transp., Inc.*, 555 F. App'x 878 (11th Cir. 2014). Here, Plaintiff cannot establish a *prima facie* case and her own belief in the superiority of her credentials is not enough to satisfy this element of the *prima facie* case. Summary judgment is proper for this reason and the Court need not venture to the other steps in the *McDonnell Douglas Corp.* framework.

### Legitimate, nondiscriminatory reason and Pretext

Even if Plaintiff could show that she was qualified for the position, there is not a scintilla of evidence to create an issue of fact as to the legitimate, nondiscriminatory reason offered by Defendant. The legitimate, nondiscriminatory reason offered by Defendant is that the Hillsborough County Civil Service Board, and not Defendant, conducted the recruitment of applicants and

determined which applicants met the minimum qualifications. (Doc. 30 ¶¶ 3, 4, 5, 6). Defendant did not conduct an independent review of the Board's determination. The Board decided that Plaintiff did not meet the minimum qualifications for the position and Plaintiff was not named on the qualified applicant list. *See id.* at ¶ 6; Doc. 30-3. For this reason, Defendant did not consider Plaintiff for the promotion. Defendant used the certified list created by the Board to identify candidates to interview. Plaintiff has presented no evidence on this point and no argument as to why this reason was pretext. It is undisputed that it was the Board's determination as to who was and was not minimally qualified.

Because the burden shifts to Plaintiff to rebut the reason proffered by Defendant, this Court has repeatedly granted motions for summary judgment where Plaintiff has failed to refute the legitimate, nondiscriminatory reason and show pretext. *See, e.g.*, *Campbell v. Shinseki*, No. 8:11-CV-0377-T35-TBM, 2013 WL 11320224, at *7 (M.D. Fla. Apr. 1, 2013) (granting Defendant's motion for summary judgment as to Plaintiff's claims of gender and race discrimination since Plaintiff failed to rebut at least one of the employer's legitimate nondiscriminatory reasons for his termination), *aff'd*, 546 F. App'x 874 (11th Cir. 2013); *Taylor v. Teakdecking Sys., Inc.*, No. 8:11-CV-02709-T-24, 2013 WL 1437741, at *4 (M.D. Fla. Apr. 9, 2013) (holding that summary judgment was warranted because termination of Plaintiff because of unsatisfactory performance of his human resources function was a legitimate, nondiscriminatory reason and Plaintiff failed to establish that this reason was false and that discrimination was the real reason), *aff'd*, 571 F. App'x 767 (11th Cir. 2014).

This Court addressed a situation similar to that presented here in *Reynolds v. Miller*, No. 97-1-CIV-ORL-22B, 1998 WL 1048375, at *2 (M.D. Fla. Oct. 28, 1998), where the Plaintiff—a Deputy Sherriff in Brevard County, Florida—sued the Brevard County Sheriff's Office and two

Sheriffs she served under, alleging that she was subjected to a hostile work environment and was passed over for a promotion based on her gender in violation of Title VII of the Civil Rights Act of 1964. In the complaint, she sought to hold Sherriff Claude Miller liable in his individual capacity for the hostile environment and for his failure to remedy the situation after she brought the issues to his attention. *Id.* at 11. In finding that she did not meet her burden, the court reasoned among other things that Sherriff Miller "did not make the decision not to include Plaintiff on the 'short list' for a promotion." *Id.* While Sherriff Miller did in fact determine who would be promoted, the short list of candidates most qualified to be promoted was developed by the commanders of the three precincts and Plaintiff was never named on the short list. *Id.* at 2. *See also Browdy v. Synovos, Inc.*, No. 8:18-CV-79-T-17CPT, slip op. at 8 (M.D. Fla. June 17, 2019) (noting that plaintiff failed to offer competent evidence that the outside consultant engaged to conduct an initial screening of candidates for the two RLT Manager positions was not the one to disqualify him for consideration for position; however, the consultant was not aware of plaintiff's race). As with these cases, Plaintiff has not argued or raised any evidence tending to suggest that the Board did not truly or independently determine which candidates were qualified, or that discrimination was the real reason behind the decision that she was not minimally qualified for the position. Hence, the legitimate, nondiscriminatory reason offered by Defendant has not been rebutted.

### *Intentional Discriminataion*

Moreover, evidence presented by both Plaintiff and Defendant precludes the inference that Plaintiff was not offered an interview and promotion because of her race. Defendant's Director of Human Resources, Manuel Mangual Jr., testified by affidavit that the Hillsborough County Civil Service Board determined that five Black candidates—four females and one male—met the minimum qualifications for the position. (Doc. 30 ¶7; Doc. 30-3). An exhibit attached to

Mangual's affidavit indicates that at least one of these candidates—a Black female—was interviewed by Defendant. (Doc. 30 ¶ 9; Doc. 30-5). Importantly, because Plaintiff is a Black female the fact that another Black female was interviewed for the position hits at the very heart of Plaintiff's claim. Additionally, based on sworn testimony in support of Plaintiff's response, one of the persons allegedly promoted to manager, in the past, without having supervisory experience was a Black female. (Doc. 36 ¶ 9; Doc. 35-4, 35: l. 24 – 37: l. 1). Supervisory experience may not have been required at that time—around July 2013.[11] However, the fact of promotion of a Black female to the very same position at issue just over a year before is contrary to Plaintiff's claim that she was discriminated against because of her race. Taken together, these undisputed factual assertions show that at least one Black employee had been recently promoted to the manager position and that other Black employees had been found to meet the minimum qualifications, negating Plaintiff's claim that race was the driving factor in the decision on her application.

## IV.      CONCLUSION

Summary judgment is proper in the case. There is no genuine issue of material fact that Plaintiff was not qualified for the Court Manager position because she did not have the requisite supervisory experience or equivalent education and experience. As such, she did not establish a *prima facie* case of discrimination and further inquiry was not required. But even if Plaintiff was qualified, Defendant provided a legitimate, nondiscriminatory reason for its failure to promote, which Plaintiff did not refute.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 28) is GRANTED.

---

[11] Defendant has provided record evidence that the minimum requirements for the position have changed over the years. (Doc. 28 n.5). There is no contrary evidence.

17

2.  The Clerk is directed to enter judgment in favor of Defendant Hillsborough County Clerk

    of the Circuit Court and against Plaintiff Angel V. Demps.

3.  The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 13, 2020.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD AND UNREPRESENTED PARTIES, IF ANY